622 So.2d 845 (1993)
STATE of Louisiana
v.
Michael F. JOHNSON.
No. 92-KA-1458.
Court of Appeal of Louisiana, Fourth Circuit.
August 3, 1993.
*847 Harry F. Connick, Dist. Atty. and Mark D. Pethke, Asst. Dist. Atty. of Orleans Parish, New Orleans, for plaintiff/appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant/appellant.
Before BARRY, WALTZER, and LANDRIEU, JJ.
WALTZER, Judge.
The defendant was charged with simple possession of crack cocaine. He plead not guilty. A jury of six (6) citizens found him guilty as charged. He was sentenced to five (5) years at hard labor. Appellate counsel assigned only a review of the record for errors patent. The defendant filed original and pro se briefs. We affirm the conviction and sentence.
THE FACTS AT TRIAL
Officer Fred Thompson, NOPD, testified he and Officer Tyronne Martin were patrolling in the 3400 block of Louisa Street on July 12, 1990, at 9:20 p.m. Outside McGee's bar, a well-known, highdrug trafficking area, several people were loitering on the sidewalk in defiance of a "No Loitering" sign. The officers, who were in plain clothes, stopped their unmarked car. The defendant, upon seeing them exit the car, threw down a package of Kool cigarettes. Four plastic bags containing a hard, rock-like substance fell out of the pack. Martin picked up the cigarette pack and found seven more packets. A search pursuant to arrest produced $85.00 in currency. Martin testified to the same facts. The parties stipulated that the rocks tested positive for cocaine. The defendant testified he was walking to the bar to meet friends when the officers pulled up, told him to put his hands on the car, searched him, handcuffed him, arrested him, and transported him. He thought he was being arrested for traffic violations, but on the way to Central Lock-up he said that Thompson produced the cigarette pack and said he had seen the defendant throw it. According to the defendant, Martin said he had not seen the defendant throw it. Thompson then began hitting and cursing him. Johnson admitted pleading guilty to possession of cocaine March 18, 1989, and possession of marijuana February 28, 1990.
ERRORS PATENT
Counsel complied with procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel's detailed review of the procedural *848 history of the case and the facts of the case indicate a thorough review of the record. Counsel has moved to withdraw because he believes, after a conscientious review of the record, that there are no non-frivolous issues to be raised on appeal. Counsel has reviewed all available transcripts and has found no trial court rulings which arguably support the appeal. A copy of the brief was forwarded to the defendant, and this Court informed the defendant that he had the right to file a brief on his own behalf. He has filed two.
As per State v. Benjamin, we have performed an independent, thorough review of all the pleadings filed in the district court, all minute entries of the district court proceedings, the bill of information and all transcripts contained in the appeal record. The defendant was properly charged by bill of information with a violation of LSA-R.S. 40:967 and the bill was signed by an assistant district attorney. The defendant was present and represented by counsel at arraignment, all hearings, trial, and sentencing. The sentence of five years at hard labor is legal in all respects. The State proved every element of possession of cocaine beyond a reasonable doubt. An independent review reveals no non-frivolous issues, and a review of all transcripts contained in the appeal record reveals no trial court ruling which arguably supports the appeal. Appellant counsel's motion to withdraw should be granted.
PRO SE ASSIGNMENT ONE:
The defendant argues that he was denied his right to a speedy trial. The defendant was arrested July 12, 1990. He filed a motion for speedy trial November 7, 1990. The motion was set for hearing December 17, 1990. On December 17, 1990, the case was inadvertently not docketed and the hearing was continued to March 15, 1991. The defendant failed to appear in another case, and an alias capias was issued. On March 15, 1991, the defendant appeared and was placed in jail. The hearing was continued to April 15, 1991, but was not heard because of a trial in Section "I". The hearing was continued until July 15, 1991, then to July 29, 1991, then to August 30, 1991. On this last date, the defendant failed to appear and an alias capias was issued. On September 19, 1991, his bond was forfeited. On September 23, 1991, the case was continued until October 21, 1991. On that day, the defendant had not been placed on the jail list, and the motions were continued to November 8, 1991. On November 8, 1991, the motion for speedy trial was denied. The case was set for January 9, 1992. On that day, the trial was continued to February 12, 1992 because of another trial in that section. The defendant was then in jail and was not brought to court. The trial was continued to April 9, 1992. On that day, another trial was proceeding in the section, and the trial was continued to May 12, 1992. On May 12, 1992, the defendant was found guilty as charged.
La.C.Cr.P. art. 701 states the right of a defendant to a speedy trial. However, the remedy provided by this article is pre-trial release. Thus the defendant's claim under this article is moot. The Sixth Amendment of the U.S. Constitution also provides a right to a speedy trial. This is a fundamental right which has been imposed on the states by the due process clause of the Fourteenth Amendment. Barker v. Wingo, 407 U.S. 514, 515, 92 S.Ct. 2182, 2184, 33 L.Ed.2d 101 (1972). Whether this right has been violated is determined by a four-part test: the length of the delay, the reason for the delay, the defendant's assertion of his or her right, and prejudice to the defendant. Barker, 407 U.S. at 530, 92 S.Ct. at 2192; State v. James, 394 So.2d 1197, 1200 (La.1981).
In the instant case, the delay was approximately twenty-two months from the date of the arrest. In addition, much of the delay was caused by the defendant's continual failure to appear in court. The defendant makes absolutely no argument of how he was prejudiced. This assignment is without merit.
PRO SE ASSIGNMENT TWO:
The defendant argues the trial court failed to notify him of trial. On December 17, 1991, the defendant was in court when *849 the judge set the case for trial January 9, 1992. When the case was continued to February 12, 1992, April 9, 1992 and May 12, 1992, the trial court ordered that notices be sent. The defendant was incarcerated during all this period, and he in fact appeared May 12, 1992. There is no indication the defendant was not notified of trial. This assignment lacks merit.
PRO SE ASSIGNMENT THREE:
The defendant argues the trial court "denied him access to records." Specifically, he argues the trial court failed to rule on motions he filed pro se. The motions include a motion to quash on the ground that the time limitation for the commencement of trial had expired, a motion to obtain the transcripts of all pre-trial motion hearings, and a motion to enlarge without bond because the State failed to bring him to trial within 120 days.
The motion to quash was without merit. C.Cr.P. art. 578 provides a felony trial must be commenced within two years from the institution of the prosecution. As set out above, the case went to trial within two years.
The motion to enlarge was in fact ruled on December 17, 1991; it was denied. Since the defendant had a habit of not appearing in court, the motion was no doubt correctly denied. Moreover, now that the defendant has been convicted, the issue is moot.
The defendant's motion to obtain pre-trial transcripts was not ruled on. The preliminary hearing and a hearing on a motion to suppress evidence occurred on December 17, 1991. The hearing was transcribed and appears in the record.
The defendant did have a right to the transcript, and the transcript might have been helpful in impeaching the officer's testimony at trial. In fact, in his pro se assignment six, the defendant touches on the discrepancy in the officers' testimony, there arguing that the officers committed perjury.
At the hearing, Thompson testified two people were standing outside the bar and the other man went inside the bar when the officers exited the car. At trial, he testified "there was (sic) a lot of people loitering, hanging around outside the club." The defendant, therefore, had he been in possession of the transcript of the hearing, would have been able to impeach Thompson's testimony. However, both Thompson and Martin testified they personally witnessed the defendant throw down the pack. The number of people standing in the area was therefore irrelevant. Moreover, Thompson's testimony at the hearing concerning which person threw down the pack, would have been more inculpatory than his testimony at trial since if only two people were outside the bar versus many, the officers would have been in a better position to determine if the defendant was the person who threw down the pack. The error in not giving the defendant the transcript was therefore harmless.
This assignment is without merit.
PRO SE ASSIGNMENT FOUR:
The defendant argues ineffective assistance of counsel. He asserts that his counsel should have investigated the case more carefully and should have interviewed potential witnesses.
The issue of ineffective assistance of counsel is generally addressed by an application for post-conviction relief filed in the trial court which then conducts a full evidentiary hearing on the issue. State v. Prudholm, 446 So.2d 729 (La.1984). However, when the appeal record contains enough evidence upon which to base a ruling on the issue, the appellate court will make a determination in the interest of judicial economy. State v. Seiss, 428 So.2d 444 (La.1983).
A claim of ineffective assistance of counsel is to be assessed by the two-part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La.1984). The defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defendant. Counsel's performance is ineffective when it can be shown that he made errors so serious *850 that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. Counsel's deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was so ineffective as to require reversal.
The defendant fails to show prejudice under Strickland. The charge against the defendant, possession of cocaine is not a complex charge. No out-of-court identifications were involved and there were no inculpatory statements. Two police officers saw the defendant in possession of cocaine.
This assignment is without merit.
PRO SE ASSIGNMENT FIVE:
The defendant argues the trial court did not instruct the jury as to all of the elements of the crime. The transcript establishes no objection was made during the jury charge. Failure to make a contemporaneous objection precludes argument on appeal. State v. Dobson, 578 So.2d 533 (La.App. 4th Cir.1991).
This assignment is without merit.
PRO SE ASSIGNMENT SIX:
The defendant argues Thompson committed perjury when he testified at trial that there were a "lot of people" outside the bar when he had testified earlier at the hearing that only two were outside the bar.
Inconsistencies in testimony do not constitute perjury. Here, there is nothing in the record to indicate Thompson committed perjury.
This assignment lacks merit.
PRO SE ASSIGNMENT SEVEN:
The defendant argues the State failed to present sufficient evidence.
The standard for deciding whether a jury's decision is reasonable is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Ballom, 553 So.2d 909 (La.App. 4th Cir.1990), writ denied 559 So.2d 137 (La.1990).
Here two officers testified they saw the defendant in possession of rocks which the parties stipulated tested positive for cocaine. The defendant threw the rocks down upon seeing the officers. Although the defendant testified he did not possess the cocaine, the credibility of the witnesses at trial is an issue for the trier of fact. State v. Cashen, 544 So.2d 1268 (La.App. 4th Cir.1989).
This assignment is without merit.
PRO SE ASSIGNMENT EIGHT:
The defendant argues that his sentence is excessive. However, defendant has failed to preserve this issue for appeal because he did not file a motion to reconsider the sentence according to C.Cr.P. art. 881.1. Section D of the article provides:
Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
State v. Lee, 618 So.2d 551 (La.App. 4th Cir.1993); State v. Hudson, 618 So.2d 539 (La.App. 4th Cir.1993). This assignment is without merit.
SUPPLEMENTAL PRO SE BRIEF:
The defendant argues that the State made prejudicial remarks during closing argument. During closing, the prosecutor said the defendant might have gone *851 to the bar to meet "friends who had sold him this cocaine or friends to whom he might be selling the cocaine." The defendant asserts that by so arguing, the State made prejudicial remarks that require mistrial pursuant to C.Cr.P. art. 770(2) because she referred to other crimes, namely possession with intent to distribute. C.Cr.P. art. 770(2) provides:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
The prosecutor said inter alia in closing argument:
He said he was there to visit friends in the bar. My question is friends who had sold him this cocaine or friends to whom he might be selling the cocaine?
Counsel moved for a mistrial, stating that the references were meant to inflame the jury and that the defendant was charged with simple possession only. The trial court denied the motion; no admonition to the jury was requested or given.
The prosecutor went on to state:
The defendant's (sic) charged with possession, that's all he was seen doing that night. But we can speculate on what he had been doing or what he
Defense counsel objected again and moved for a mistrial, pointing out that the prosecutor "meant to appeal to nothing but the passion and prejudice of the jury." The trial court again denied the motion for a mistrial; no admonition was requested or given.
The third request for a mistrial was made when the prosecutor stated
The defendant is charged with possession. That's all he is charged with. But the circumstances speak for themselves
...
The jury had heard during the course of the trial that the defendant had been arrested in front of McGee's Bar on Louisa Street in the city, a notorious drug hang-out. The jury further heard that four (4) pieces of crack cocaine spilled out of a cigarette pack and an additional seven (7) pieces were found within. Together with this contraband the officers confiscated fifteen (15) $1.00 bills, four (4) $5.00 bills, three (3) $10.00 bills and one (1) $20.00, a total of $85.00. The defendant testified that he had wanted to visit friends inside McGee's Bar room. Although he first admitted only to being on probation, he then admitted that he had been previously convicted of possession of cocaine and marijuana. The prosecution's case consisted of eye-witness testimony regarding the illegal possession of crack cocaine.
The weight of the evidence against Johnson's, unrebutted testimony of the officer-eyewitnesses, is overwhelming. Under C.Cr.P. art. 774
The argument shall be confined to the evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case. The argument shall not appeal to prejudice. The state's rebuttal shall be confined to answering the argument of the defendant.
In this case the defendant was charged with simple possession of cocaine (a lesser and included offense of possession with intent to distribute). The argument could not make the jury convict him of a greater crime than charged and the evidence showed that he had eleven (11) pieces of crack cocaine, was in the vicinity of a notorious bar and that he was visiting friends. Any impropriety of the prosecutor was not unduly prejudicial and there was more than sufficient evidence upon which the jury *852 could base its guilty verdict. The defendant failed to show that the court improperly denied a mistrial based on comments in the prosecutor's arguments.[1]
There was ample evidence presented at trial to find the defendant guilty of the crime with which he was charged. Based upon the evidence presented at trial, we need not determine whether the remarks made in the closing argument was a violation of La.C.Cr.P. art. 774, because we find it would not have contributed to the verdict. State v. Elzy, 451 So.2d 1167 (La. App. 4th Cir.1984); State v. Moore, 432 So.2d 209 (La.1983).
The remarks of the district attorney do not fall within the scope of C.Cr.P. art. 770 and were not so prejudicial to the defendant so as to warrant a mistrial. The defense only requested a mistrial and did not request an admonition to the jury by the judge. State v. Fluker, 454 So.2d 358 (La.App. 4th Cir.1984).
A conviction will not be reversed unless the reviewing court is thoroughly convinced that the remarks influenced the jury and contributed to the verdict. We do not find this to be the situation in the instant case. Because the trial judge properly denied defendant's motion for mistrial, this argument is also without merit. State v. Moser, 588 So.2d 1243 (La.App. 1st Cir. 1991), writ denied 594 So.2d 1314 (La. 1992); State v. Clay, 612 So.2d 266 (La. App. 4th Cir.1992).
Accordingly, the conviction and sentence are hereby AFFIRMED.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Appellate counsel in his brief stated that although trial counsel did move for a mistrial when during closing argument the prosecutor clearly suggested that the defendant should have been charged with possession with the intent to distribute cocaine, as that was his intent, he could not assail these remarks as a reference to an uncharged crime. He stated that the remarks in fact referred to conduct charged in the bill of information. Appellate counsel further asserted in brief that there should be no reversal unless the reviewing court is convinced that the jury verdict was influenced by the improper remarks. Counsel concluded that the remarks in this case clearly do not meet that standard.