641 So.2d 687 (1994)
STATE of Louisiana
v.
Bryant BROWN.
No. 93-KA-0666.
Court of Appeal of Louisiana, Fourth Circuit.
July 27, 1994.
Harry F. Connick, Dist. Atty., Eric La Fleur, Asst. Dist. Atty., New Orleans, for appellant.
Joseph V. Dirosa, Jr., New Orleans, for defendant/appellee.
Before BARRY, JONES and LANDRIEU, JJ.
LANDRIEU, Judge.
Bryant Brown was arrested February 25, 1991, and charged by bill of information on March 28, 1991, with illegal possession of stolen property valued at over $500.00 in violation of La.Rev.Stat.Ann. § 14:69 (West 1986) and with possession of a motor vehicle on which an identifying number had been removed in violation of La.Rev.Stat.Ann. § 14:207 (West Supp.1994). At his arraignment on April 8, 1991, Brown pleaded not guilty and counsel was appointed to represent him. Motions were set for hearing on May 24, 1991, continued twice, and heard on July 10, 1991. On that date, the court found probable cause and set the case for trial on September 11, 1991.
For various reasons, the trial was reset for the following dates: October 16, 1991; December 9, 1991; February 4, 1992; May 12, 1992; July 9, 1992; August 20, 1992. On August 20th, the State moved for another continuance which the court granted over defense counsel objections and the trial was reset for September 24, 1992. Arguing that his constitutional right to a speedy trial had been violated, Brown filed a motion to quash the bill of information which was set to be heard on the day of trial. On September 24th, the court again continued the matter until October 14, 1992. On that date, the defense announced that it needed to locate witnesses and the matter was reset for a motion hearing on October 19, 1992. On October 19, 1991, the motion hearing was set for October 21, 1991, and on that date the court granted the defendant's motion to *688 quash the bill of information. The State now appeals that decision.

DISCUSSION
The constitutional right to a speedy trial, based in the Sixth Amendment of the U.S. constitution and Art. 1 § 16 of the Louisiana Constitution of 1974, attaches at the time the defendant becomes accused either by indictment, bill of information, or by arrest and actual restraint. State v. Gale, 526 So.2d 861, 863 (La.App. 4th Cir.1988) (citations omitted). In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the U.S. Supreme Court set forth a four part test for determining whether a defendant's right to a speedy trial has been violated. The factors include the length of the delay, the reasons for the delay, the defendant's assertion of his right to a speedy trial, and the prejudice to the defendant as a result of the delay.
The delay between the institution of this prosecution and the granting of the motion to quash was nineteen months. In some circumstances, this Court has found that such a delay is presumptively prejudicial. See State v. Leban, 611 So.2d 165 (La.App. 4th Cir.1992), writ den. 619 So.2d 533 (La. 1993) (sixteen months); but see State v. Johnson, 622 So.2d 845 (La.App. 4th Cir. 1992) (twenty-two months not apparently excessive). In this case, the trial was first set for July 10, 1991. That day, the court found probable cause, and the defense requested and was granted a continuance until September 11, 1991. Trial was again continued that day until October 16, 1991, but the minute entry does not specify why. The State argues in its brief that another trial was in progress. The defendant did not appear that day, but the court later accepted his explanation that his subpoena listed the wrong date. Trial was set for December 9, 1991. On that day both parties agreed to continue the trial until February 4, 1992. The trial was continued that day until May 12, 1992. The minute entry does not explain why. On that day, the State requested and was granted a continuance because its main witness, a police officer, had been injured and could not appear. On that day, trial in another case was in progress and trial was continued to August 20, 1992. The State moved for another continuance and the defense objected and filed the motion to quash. The minute entry does not state the reason, but the State argues in brief that the sheriff's office failed to serve the police officer. The motion to quash was then granted October 21, 1992.
As such, there were eight continuances: one requested by the defense, two requested by the State (one of which was because its witness had been injured and thus the reason for the continuance was out of its control), two by the court (one because of another trial, another because of the mistake on the subpoena), one to which all parties agreed, and two which the minute entries do not explain (one alleged by the State to have occurred because another trial was in progress and the other because of a mistake by the sheriff's office). Thus, the reasons for the majority of the continuances are not directly attributable to the State and, in any event, the defense agreed to a continuance as late as February 4, 1992. Further, the defendant did not object to the delay or file a motion for a speedy trial until August 20, 1992, the same day he filed his motion to quash claiming that his right to a speedy trial had been violated. Finally, the defendant has not shown any prejudice resulting from the nineteen month delay. Under these circumstances, the defendant's right to a speedy trial was not violated. Accordingly, we reverse the judgment granting the defendant's motion to quash and remand this case to the trial court for further proceedings.
REVERSED AND REMANDED.