JOAN BERNARD ARMSTRONG, Chief Judge.
_JjOn January 7, 2005, in case number 455-092 “K”, the state filed a bill of information charging the defendant, Cynthia M. Walker, with solicitation of crime against nature, a violation of La. R.S. 14:89(2). The defendant pleaded not guilty at her arraignment on January 12, 2005. The defendant’s bond was reduced to $5000.00 and she filed a bond on February 3, 2005. Trial and a hearing on motions were set for February 18, 2005; however, the defendant failed to appear for the hearing and for trial. An alias capias was issued for her arrest without bond, and the case *802 was continued without date. Subsequently, the defendant was arrested on May 16, 2005. An arrest on capias notification was set for May 18, 2005 in Section “L”, which was acting for Section “K”. On May 18, 2005, defense counsel - appeared without the defendant, who was not brought to court from jail. The matter was continued, and a status hearing was set for May 23, 2005, when defense counsel appeared without the defendant, and the hearing was continued to May 31, 2005. On that date, defense counsel again appeared without the defendant. The matter was continued to June 1, 2005 and again to June 2, 2005, when the defendant appeared in court for the status hearing. The district court recalled the alias capias, and issued a release. A hearing on ^motions was set for June 16, 2005. On that date, the district court found no probable cause to hold the defendant in custody and set the trial for June 27, 2005. The state requested a continuance which the district court denied. The state entered a nolle prosequi, and the defendant was released.
The case was reinstated eight days later on July 5, 2005 as case number 460-892, allotted to Section “K” to follow the previous case, 455-092 “K”. The defendant was arraigned on July 22, 2005 and entered a plea of not guilty; defense counsel filed a motion to quash the bill of information. The district court granted the motion on July 22, 2005. The state appeals.
On July 22, 2005, the defendant filed a two paragraph motion to quash arguing that her constitutional right to a speedy trial[1] was violated because the state nolle prosequied the charges and subsequently reinstated them after the state was denied a continuance on the date of trial because the necessary state witnesses failed to appear.
In a single assignment of error, the state contends that the trial court improperly granted defense counsel’s motion to quash the bill of information reinstituting prosecution because the defendant failed to carry her burden of proving that the delay between the filing of the original bill of information and the filing and granting of the motion to quash was presumptively prejudicial and triggered a violation of relator’s constitutional right to a speedy trial.[2]
|aA defendant has the right under the Sixth Amendment and Article 1, Section 16 of the Louisiana Constitution to a speedy trial. This constitutional right attaches when an individual becomes an accused either by formal indictment or by arrest and actual restraint. United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); State v. Sweeney, 443 So.2d 522 (La.1983). In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court set out the following four factors to determine whether a defendant’s constitutional right to a *803 speedy trial has been violated: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant’s assertion of his right to a speedy trial; and (4) the prejudice to the defendant as a result of the delay.[3] The court stated that the length of the delay was the triggering mechanism; and, until the delay was presumptively prejudicial, there was no need to inquire into the other factors, (emphasis added). The court further stated that the length of the delay, which would provoke such an inquiry, was dependent upon the peculiar circumstances of the case. The court noted that the reason for the delay was closely related to the length of the delay and that different weights would be given to different reasons. As to the defendant’s assertion of his right to a speedy trial, the court stated that the assertion of the right was entitled to strong evidentiary weight in determining whether the defendant was deprived of his right. Regarding the final factor, the court stated that prejudice was to be assessed in light of the interests of the defendant which the speedy trial right was designed to protect. The court identified those interests as preventing oppressive pretrial incarceration, minimizing the anxiety and concern of the defendant, and limiting the possibility that the defense would be impaired.
In State v. Reaves, 376 So.2d 136 (La.1979), the defendant was charged with possession of one marijuana cigarette, a misdemeanor, and trial was set and continued four times in the three and one-half months since charges had been brought. On the fourth trial date, the State moved for a continuance because its principal witness was absent. The trial court denied the continuance, and the State nolle prose-quied the bill of information. The State then filed a new bill of information which the defendant moved to quash on the basis that he had been denied his right to a speedy trial. The trial court granted the motion, and the Supreme Court affirmed. The court stated that, although the defendant had not been subjected to an extremely long delay, he was denied his right to a speedy trial. The continuances had been caused by the failure of the arresting officer to appear at trial to testify for the State, and the court stated that the responsibility for these repeated absences had to rest with the State. The defendant had not moved for a speedy trial before filing his motion to quash. The court stated that because the defendant was charged with a misdemeanor, the prejudice requirement was not as stringent.
In State v. DeRouen, 96-0725, p. 2-3 (La.App. 4 Cir. 6/26/96), 678 So.2d 39, fifteen months elapsed between institution of prosecution and the granting of the motion to quash. Two of the trial continuances were attributable to the State and the balance to weather, a crowded docket, and the actions of codefendants. Furthermore, the defendant was not incarcerated during the pendency of the proceedings. In finding that the trial court erred, this Court stated that the defendant was not prejudiced to the extent found in State v. Esteen, 95-1079 (La.App. 4 Cir. 4/3/96), 672 So.2d 1098.[4]
*804 In two other cases, this Court has held that the right to a speedy trial was not violated by a nineteen month delay and a twenty-two month delay between the filing of the bill of information and the defendant’s motion to quash. In State v. Brown, 93-0666 (La.App. 4 Cir. 7/27/94), 641 So.2d 687, there were eight continuances during the nineteen months between the institution of prosecution and the granting of the motion to quash, and only two were directly attributable to the state; furthermore, the defense did not object to the delays until the filing of its motion to quash, and no prejudice to the defendant was shown.
In State v. Johnson, 622 So.2d 845 (La.App. 4 Cir.1993), the defendant argued in a pro se assignment of error on appeal that he had been denied a speedy trial. Although there was a twenty-two month delay between the date of arrest and the day of trial, this Court found that much of the delay was due to the failure of the defendant to appear in court. Additionally, he did not argue that he was prejudiced by the delay.
In the instant case, slightly over six months elapsed between the filing of the original bill of information and the filing and granting of the motion to quash. The felony charge of solicitation of crime against nature carries a fine of not more than $2000.00 and not more than five years in prison with or without hard labor, or both. Thus, a six-month delay does not appear to be presumptively prejudicial. Furthermore, the other Barker factors do not | fisupport the defendant’s claim. The defendant failed to appear on her first motion hearing and trial date on February 18, 2005 which resulted in a warrant for her arrest being issued. This absence, which is not attributable to the state, caused an almost three month delay, half of the total delay, until she was arrested on May 16, 2005. In addition, the defendant does not allege in her motion to quash, nor does the record reflect, that she ever filed a motion for a speedy trial; nor did she object to any continuances requested by the state even though it appears that at least three continuances were due to the state’s failure to bring her to court from jail.[5] Finally, the defendant has not alleged in her motion to quash any prejudice caused by the delay. She was released on bond on February 3, 2005, shortly after her arraignment, and released again, on June 2, 2005, after her arrest for failure to appear for trial. She has not alleged that any witness or evidence has been lost or compromised due to the delay. Therefore, taking all of the Barker factors into consideration, it appears that the defendant’s motion to quash should have been denied. See, State v. Love, 2000-3347 (La.5/23/03), 847 So.2d 1198, and State v. Harris, 2003-0524 (La.App. 4 Cir. 9/10/03), 857 So.2d 16.
Accordingly, the ruling of the district court granting the motion to quash is hereby reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.

. In her motion to quash, the defendant did not assert a violation of her statutory right to a speedy trial pursuant to La.C.Cr. P. art. 578 which requires that trial in a non-capital case be commenced within two years of the institution of prosecution. Pursuant to La.C.Cr.P. art. 580, the time period set forth in Article 578 is suspended until the trial court's ruling when the defendant files a motion to quash or other preliminary plea; but in no case shall the State have less than one year after the ruling to commence trial.

. In her brief on appeal, the defendant argues that speedy trial is not at issue. However, the district court, which did not provide reasons for judgment, shall hear no objections based on grounds not stated in the motion. La. C.Cr.P. art. 536. Therefor, as a Court of record, our consideration is limited to the grounds stated by trial counsel, viz. denial of the defendant's right to a speedy trial.

. These factors were also applied in the context of an attack on the district attorney’s action in filing a nolle prosequi and subsequently reinstating charges against the defendant in State v. Batiste, 05-1571, p. 3 (La. 10/17/06), 939 So.2d 1245.

. In Esteen, this court affirmed the trial court's granting of a motion to quash. The court found that a two and one-half year delay between the filing of the charges and trial was presumptively prejudicial triggering an inquiry into the other factors. The case was continued twenty-two times, mostly due to the state and the trial court. Twice the state nolle prosequied the charges when it was not ready to begin the trial. Although the defendant did not move for a speedy trial *804 nor object to any of the continuances, this court concluded that these omissions were not dispositive, and found that they were only one factor to consider. This court also found that the defendant was "clearly prejudiced” by the delays since he spent eleven months incarcerated, and his defense was severely hampered by the death of a crucial witness.

. On May 18, 23 and 31, 2005, defense counsel appeared in court without the defendant. The docket master entry of May 18th shows that the defendant was in custody and was not brought to court. Defendant was not released until June 2nd. Therefore, she was in custody on the 23rd and 31st.