TERRI F. LOVE, Judge.
hOn December 16, 2004, in case number 454-594 “K”, the state filed a bill of information charging defendant, Michael Guice, Jr[1]., with possession with intent to distribute cocaine, in violation of La.R.S. 40:967. Defendant’s bond was set at $10,000.00; defendant filed a bond on December 17, 2004. Defendant pleaded not guilty at his arraignment on January 6, 2005. A hearing non motions was set for February 4, 2005 and continued, by a defense motion, to March 10, 2005. On that day, defendant failed to appear for the hearing on motions. An alias capias was issued for his arrest without bond, and the case was continued without date. Subsequently, on April 18, 2005, defendant appeared in court without counsel; the alias capias was recalled. A motion hearing was set for May 6, 2005; defendant again appeared without counsel. A hearing to determine counsel was set for May 17, 2005. On that date the district court found no probable cause to hold defendant pending his trial which was set for June 21, 2005. On that day, the state requested a continuance which the district court denied. The state entered a nolle prosequi, and defendant was released.
|sThe case was reinstated fifteen days later on July 6, 2005 as case number 460-952 which was allotted to Section “K” to follow the previous case, 454-594 “K”. On August 11, 2005, defendant was appointed defense counsel; defendant entered a plea of not guilty; defense counsel filed a motion to quash the bill of information. The district court granted the motion on August 17, 2005. The state appeals. The state filed a motion and order to supplement the record on September 18, 2006 which was subsequently granted by this court on September 21, 2006.
FACTS
Because the record in case number 454-594 is unavailable, the facts surrounding defendant’s arrest, which can be adduced from the instant case, are limited to what is stated in the bill of information. On October 12, 2004, the defendant willfully and unlawfully possessed, with intent to distribute, a controlled dangerous substance, to wit: cocaine (crack) in violation of La.R.S. 40:967.
MOTION TO QUASH
On August 11, 2005, relator filed a two paragraph motion to quash arguing that *882 his constitutional right to a speedy trial[2] was violated because the state nolle prose-quied the charges and subsequently reinstated them after the state was denied a continuance of the hearing on motions.
In a single assignment of error, the state counters that the trial court improperly granted defense counsel’s motion to quash the bill of information reinstituting prosecution because defendant failed to carry his burden of proving that the delay between the filing of the original bill of information and the filing | sand granting of the motion to quash was presumptively prejudicial and triggered a violation of defendant’s constitutional right to a speedy trial.
A defendant has the right under the Sixth Amendment and Article 1, Section 16 of the Louisiana Constitution to a speedy trial. This constitutional right attaches when an individual becomes an accused either by formal indictment or by arrest and actual restraint. United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); State v. Sweeney, 443 So.2d 522 (La.1983). In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court set out the following four factors to determine whether a defendant’s constitutional right to a speedy trial has been violated: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant’s assertion of his right to a speedy trial; and (4) the prejudice to the defendant as a result of the delay. The court stated that the length of the delay was the triggering mechanism; and, until the delay was presumptively prejudicial, there was no need to inquire into the other factors. The court further stated that the length of the delay, which would provoke such an inquiry, was dependent upon the peculiar circumstances of the case. The court noted that the reason for the delay was closely related to the length of the delay and that different weights would be given to different reasons. As to the defendant’s assertion of his right to a speedy trial, the court stated that the assertion of the right was entitled to strong evidentiary weight in determining whether the defendant was deprived of his right. Regarding the final factor, the court stated that prejudice was to be assessed in light of the interests of the defendant which the speedy trial right was designed to protect. The court identified those interests as preventing oppressive pretrial incarceration, minimizing the anxiety and concern of the defendant, and limiting the possibility that the defense would be impaired.
|4In State v. Reaves, 376 So.2d 136 (La.1979), the defendant was charged with possession of one marijuana cigarette, a misdemeanor, and trial was set and continued four times in the three and one-half months since charges had been brought. On the fourth trial date, the State moved for a continuance because its principal witness was absent. The trial court denied the continuance, and the State nolle prose-quied the bill of information. The State then filed a new bill of information, which the defendant moved to quash on the basis that he had been denied his right to a speedy trial. The trial court granted the motion, and the Supreme Court affirmed. The court stated that, although the defendant had not been subjected to an ex *883 tremely long delay, he was denied his right to a speedy trial. The continuances had been caused by the failure of the arresting officer to appear at trial to testify for the State, and the court stated that the responsibility for these repeated absences had to rest with the State. The defendant had not moved for a speedy trial before filing his motion to quash. The court stated that because the defendant was charged with a misdemeanor, the prejudice requirement was not as stringent.
In State v. DeRouen, 96-0725, p. 2-3 (La.App. 4 Cir. 6/26/96), 678 So.2d 39, fifteen months elapsed between institution of prosecution and the granting of the motion to quash. Two of the trial continuances were attributable to the State and the balance to weather, a crowded docket, and the actions of co-defendants. Furthermore, the defendant was not incarcerated during the pendency of the proceedings. In finding that the trial court erred, this Court stated that the |5defendant was not prejudiced to the extent found in State v. Esteen, 95-1079 (La.App. 4 Cir. 4/3/96), 672 So.2d 1098.[3]
In two other cases, this Court has held that the right to a speedy trial was not violated by a nineteen month delay and a twenty-two month delay between the filing of the bill of information and the defendant’s motion to quash. In State v. Brown, 93-0666 (La.App. 4 Cir. 7/27/94), 641 So.2d 687, there were eight continuances during the nineteen months between the institution of prosecution and the granting of the motion to quash, and only two were directly attributable to the state. Furthermore, the defense did not object to the delays until the filing of its motion to quash, and no prejudice to the defendant was shown. Id.
In State v. Johnson, 622 So.2d 845 (La. App. 4 Cir.1993), the defendant argued in a pro se assignment of error on appeal that he had been denied a speedy trial. Although there was a twenty-two month delay between the date of arrest and the day of trial, this Court found that much of the delay was due to the failure of the defendant to appear in court. Additionally, he did not argue that he was prejudiced by the delay.
In the instant case, slightly over eight months elapsed between the filing of the original bill of information and the filing and granting of the motion to quash. The felony charge of possession with intent to distribute cocaine carries a term of imprisonment of not less than two nor more than thirty years at hard labor with the first two years to be served without benefit of parole, probation or suspension of | ^sentence, and may carry a fine of not more than $50,000.00. Thus, the eight-month delay is not presumptively prejudicial. Furthermore, the other Barker factors do not support defendant’s claim. The record reflects that defendant’s first motion hearing on February 4, 2005 was continued by the defense to March 10, 2005. On that date, defendant failed to appear and an alias capias was issued for *884 his arrest. Subsequently, on April 18th and May 6th defendant again appeared without counsel. A defense continuance was granted to determine counsel on May 17th the same day the district court denied the state’s request for a continuance and found no probable cause to hold defendant pending his trial on June 21, 2005 when the state was again denied another continuance. The only continuances, which contributed to the eight-month delay, were granted to the defense. The state was not granted any of its three requests for a continuance. Therefore, none of the eight-month delay can be attributed to the state. In addition, defendant does not allege in his motion to quash, nor does the record reflect, that he ever filed a motion for a speedy trial. Finally, defendant has not alleged in his motion to quash any prejudice caused by the delay. He was free on bond throughout the proceedings. He has not alleged that any witness or evidence has been lost or compromised due to the delay. Therefore, taking all of the Barker factors into consideration, it appears that there was “palpable abuse” on the part of the trial court in granting defendant’s motion to quash. See, State v. Love, 2000-3347 (La.5/23/03), 847 So.2d 1198, and State v. Harris, 2003-0524 (La.App. 4 Cir. 9/10/03), 857 So.2d 16.
DECREE
The ruling of the district court granting the motion to quash is hereby reversed and the case is remanded for further proceedings.

. Defendant was charged with his co-defendant, Kiom Y. Smith.

. In his motion to quash defendant did not assert a violation of his statutory right to a speedy trial pursuant to La.C.Cr. P. art. 578 which requires that trial in a non-capital case be commenced within two years of the institution of prosecution. Pursuant to La.C.Cr.P. art. 580, the time period set forth in Article 578 is suspended until the trial court’s ruling when the defendant files a motion to quash or other preliminary plea; but in no case shall the State have less than one year after the ruling to commence trial.

. In Esteen, this court affirmed the trial court's granting of a motion to quash. The court found that a two and one-half year delay between the filing of the charges and trial was presumptively prejudicial triggering an inquiry into the other factors. The case was continued twenty-two times, mostly due to the state and the trial court. Twice the state nolle prosequied the charges when it was not ready to begin the trial. Although the defendant did not move for a speedy trial nor object to any of the continuances, this court concluded that these omissions were not dispositive, and found that they were only one factor to consider. This court also found that the defendant was "clearly prejudiced” by the delays since he spent eleven months incarcerated, and his defense was severely hampered by the death of a crucial witness.