966 So.2d 98 (2007)
STATE of Louisiana
v.
Martha V. CHAMBERS.
No. 2007-KA-0398.
Court of Appeal of Louisiana, Fourth Circuit.
August 22, 2007.
*99 Eddie J. Jordan, Jr., District Attorney, Alyson R. Graugnard, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellant.
Christopher A. Aberle, Louisiana Appellate Project, Mandeville, LA, for Defendant/Appellee.
(Court composed of Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS JR., Judge ROLAND L. BELSOME).
MICHAEL E. KIRBY, Judge.
STATEMENT OF THE CASE:
On August 19, 2005, in case number 462-293 "C", the state filed a bill of information charging defendant, Martha Chambers, with possession of cocaine, in violation of La. R.S. 40:967(C)(2). Defendant pleaded not guilty at her arraignment on August 24, 2005. A hearing on motions was set for September 13, 2005 but, because of the aftermath of Hurricane Katrina, the district court was closed. A hearing on motions was conducted on December 30, 2005; the case was set for trial on January 24, 2006. On that date the state made an oral motion for a continuance which was denied; the state entered a nolle prosequi, and defendant was released.
The case was reinstated approximately three months later on April 19, 2006 as case number 464-924, which was allotted to Section "J" and subsequently transferred to Section "C" to follow case 462-293 "C". Arraignment was set for on July 27, 2006. However, because defendant had not been properly served the matter was continued to August 21, 2006. On that date, counsel for defendant filed a motion to quash. The arraignment was continued to August 22, 2006. On that date, the district court granted the motion to quash; the state entered a nolle prosequi; and defendant was released. The state appeals.
FACTS OF THE CASE:
Because the record in case number 462-293 is unavailable, the facts surrounding defendant's arrest, which can be adduced from the instant case, are limited to what is stated in the bill of information. On *100 July 30, 2005, defendant willfully and unlawfully possessed a control dangerous substance, to-wit: cocaine.
TIMELINESS OF STATE'S APPEAL:
Defendant asserts that the state's appeal was not timely filed and should be dismissed. Specifically, defendant argues that on August 22, 2006, the date of the granting of the motion to quash, the state announced, "Note the State's intent to seek an appeal in this matter." The district court responded, "Not a problem." No return date was given at that time. The notice of appeal filed on October 4, 2006 notes that the motion for appeal was granted on October 4, 2006 and the return date was December 15, 2006. Defendant argues that the October 4, 2006 motion for an appeal was filed forty-four days after the granting of the motion to quash. Defendant asserts that the state's oral statement of an "intent to seek an appeal" does not constitute a motion for an appeal as required by La.C.Cr. P. art. 914 which states in pertinent part:
A. A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.
B. The motion for an appeal must be made no later than:
(1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken.
* * *
In support of her claim defendant relies on this court's holding in State v. Garrus, 02-1940 (La.App. 4 Cir. 6/4/03), 849 So.2d 796. In Garrus, the state orally noted its intent to seek writs immediately after the trial court granted the defendant's motion to quash. The docket master indicated that on the same day the trial court quashed the proceedings, it allowed the state until May 29, 2002 to take a writ. On that day, the state filed a notice of intent to file an appeal, followed by a motion for appeal on June 10, 2002, which the trial court granted. The state argued that, by orally noting its intent to seek writs the day the motion to quash was granted, it adhered to the time constraints of La.C.Cr.P. art. 914 by placing the defense on notice it would seek review of the judgment. Further, the state maintained that neither the trial court nor the defense objected to or claimed prejudice when the state orally noticed its intent to seek a "writ",[1] or when it filed a notice of intent to appeal, albeit a late notice. The state further argued that appeals are favored in the law and should not be dismissed on "hyper technical" interpretations of a statute which can be reasonably interpreted to preserve the appeal, particularly in the absence of any claim of prejudice by the opposing party. This Court dismissed the state's appeal in light of the Louisiana Supreme Court's ruling in State v. Gray, 98-2902 (La.5/7/99), 740 So.2d 1291.
In Gray, the State objected to the granting of the motion to quash, and was allowed one month to file for a writ of certiorari. One day after the due date for filing the writ, the state filed a motion for appeal, which was granted. Vacating this court's decision and reinstating the judgment granting the motion to quash, the Supreme Court concluded that ". . . the district court's judgment became final when the state failed to take a timely *101 appeal from the disputed ruling." Id. at p. 798.
In the instant case, the state noted its intent to seek an appeal which distinguishes the instant facts from those in Garrus and Gray.[2] By using the term "appeal" the state clearly notified the defendant that the judgment would be appealed. Accordingly, we conclude that the state's appeal was timely filed pursuant to La. C.Cr. P. art. 914.
DISCUSSION:
On August 22, 2006, defendant filed a two-paragraph motion to quash. In the motion and at the motion hearing defendant argued that her constitutional right to a speedy trial[3] was violated because the state nolle prosequied the charges and subsequently reinstated them after the state was denied a continuance.
In a single assignment of error, the state counters that the trial court improperly granted defense counsel's motion to quash the bill of information, reinstituting prosecution because defendant failed to carry her burden of proving that the delay between the filing of the original bill of information and the filing and granting of the motion to quash was presumptively prejudicial and triggered a violation of defendant's constitutional right to a speedy trial. In response, defendant argues that the delay was presumptively prejudicial because it exceeded one year. In addition, defendant argues that the charges involved a small amount of cocaine and a crack pipe which do not justify such a long delay because the delays in failing to serve the defendant and in reinstituting the charges were totally in the state's control. Furthermore, defendant asserts the filing of a motion for a speedy trial was not necessary, and she has no legal burden to prove that she was not prejudiced by the delays. Defendant's arguments are without merit.
A defendant has the right under the Sixth Amendment to the U.S. Constitution and Article I, Section 16 of the Louisiana Constitution to a speedy trial. This constitutional right attaches when an individual becomes an accused either by formal indictment or by arrest and actual restraint. United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); State v. Sweeney, 443 So.2d 522 (La.1983). In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court set out the following four factors to determine whether a defendant's constitutional right to a speedy trial has been violated: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant as a result of the delay. The court stated that the length of the delay was the triggering mechanism; and, until the delay was presumptively prejudicial, there was no need to inquire into the other factors. (Emphasis added.) The Court further stated that the length of the delay, which would provoke such an inquiry, was dependent upon the peculiar circumstances of the case. The Court noted that the reason for the delay was closely related *102 to the length of the delay and that different weights would be given to different reasons. As to the defendant's assertion of his right to a speedy trial, the Court stated that the assertion of the right was entitled to strong evidentiary weight in determining whether the defendant was deprived of his right. Regarding the final factor, the court stated that prejudice was to be assessed in light of the interests of the defendant which the speedy trial right was designed to protect. The Court identified those interests as preventing oppressive pretrial incarceration, minimizing the anxiety and concern of the defendant, and limiting the possibility that the defense would be impaired.
In State v. Reaves, 376 So.2d 136 (La. 1979), the defendant was charged with possession of one marijuana cigarette, a misdemeanor, and trial was set and continued four times in the three and one-half months since charges had been brought. On the fourth trial date, the state moved for a continuance because its principal witness was absent. The trial court denied the continuance, and the state nolle prosequied the bill of information. The state then filed a new bill of information which the defendant moved to quash on the basis that he had been denied his right to a speedy trial. The trial court granted the motion, and the Louisiana Supreme Court affirmed. The Court stated that, although the defendant had not been subjected to an extremely long delay, he was denied his right to a speedy trial. The continuances had been caused by the failure of the arresting officer to appear at trial to testify for the state, and the Court stated that the responsibility for these repeated absences had to rest with the state. The defendant had not moved for a speedy trial before filing his motion to quash. The Court stated that because the defendant was charged with a misdemeanor, the prejudice requirement was not as stringent.
In State v. DeRouen, 96-0725, pp. 2-3 (La.App. 4 Cir. 6/26/96), 678 So.2d 39, 42, fifteen months elapsed between institution of prosecution and the granting of the motion to quash. Two of the trial continuances were attributable to the state and the balance to weather, a crowded docket, and the actions of codefendants. Furthermore, the defendant was not incarcerated during the pendency of the proceedings. In finding that the trial court erred, this court stated that the defendant was not prejudiced to the extent found in State v. Esteen, 95-1079 (La.App. 4 Cir. 4/3/96), 672 So.2d 1098.[4]
In two other cases, this court has held that the right to a speedy trial was not violated by a nineteen-month delay and a twenty-two-month delay between the filing of the bill of information and the defendant's motion to quash. In State v. Brown, 93-0666 (La.App. 4 Cir. 7/27/94), 641 So.2d 687, there were eight continuances during the nineteen months between the institution of prosecution and the granting of the motion to quash, and only two were directly attributable to the state; furthermore, the defense did not *103 object to the delays until the filing of his motion to quash, and no prejudice to the defendant was shown.
In State v. Johnson, 622 So.2d 845 (La. App. 4 Cir.1993), the defendant argued in a pro se assignment of error on appeal that he had been denied a speedy trial. Although there was a twenty-two-month delay between the date of arrest and the day of trial, this court found that much of the delay was due to the failure of the defendant to appear in court. Additionally, he did not argue that he was prejudiced by the delay.
In State v. Love, XXXX-XXXX (La.5/23/03), 847 So.2d 1198, the Louisiana Supreme Court discussed the relationship of the appellate and trial courts and stated:
Because of the complementary role of trial courts and appellate courts demands that deference be given to a trial court's discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion.
Id., at pp. 9-10, 847 So.2d at 1206. In addition, in State v. Harris, XXXX-XXXX (La. App. 4 Cir. 9/10/03), 857 So.2d 16, this court stated:
Thus, . . . the proper approach to the question of whether the defendant's right to a speedy trial was violated is not merely a review of the dates and circumstances of the hearings, but an examination of the entire record in order to discern whether there was "palpable abuse" on the part of the trial court in granting the motion to quash. (Emphasis added.)
Id., at p. 4., 857 So.2d at 18. Recently, in State v. Batiste, XXXX-XXXX, (La.10/17/06), 939 So.2d 1245, the Supreme Court stated:
A court's resolution of motions to quash in cases where the district attorney entered a nolle prosequi and later reinstated charges should be decided on a case-by-case basis. State v. Love, 00-3347, p. 14 (La.5/23/03), 847 So.2d 1198, 1209. In those cases "where it is evident that the district attorney is flaunting his authority for reasons that show that he wants to favor the State at the expense of the defendant, such as putting the defendant at risk of losing witnesses, the trial court should grant a motion to quash and an appellate court can appropriately reverse a ruling denying a motion to quash in such a situation." Id.

Id., at p. 5, 939 So.2d at 1248.
In Batiste, the Court found that the reason for the dismissal of the earlier charge was because the victim was unavailable to testify. The Court then considered the defendant's speedy trial claim and found that although nineteen months elapsed between the filing of the original bill and the quashing of the charges in the second case, the reasons for the delay were not solely those of the state. The Court found that there was no intentional delay on the state's part to gain a tactical advantage, that the defendant did not assert his speedy trial right prior to filing his motion to quash, and that there was no suggestion that his defense was impaired by the delay. The Court then reversed the trial court's quashing of the charge and this court's affirmation of the trial court's ruling.
In the instant case, slightly over twelve months elapsed between the filing of the original bill of information and the filing and granting of the motion to quash. The felony charge of possession of cocaine carries a fine of not more than $5,000.00 and not more than five years in prison with or without hard labor, or both. Thus, a twelve-month delay does not appear to be presumptively prejudicial. Furthermore, *104 the other Barker factors do not support defendant's claim. In the reinstated case, 464-924, defendant was not incarcerated during any of the proceedings. In the original case, 462-293, relator was in custody for slightly less than six months from the date of her arrest on July 30, 2005 until her release on January 24, 2006. During this time a motion hearing had been scheduled for September 13, 2005 but did not proceed because of the aftermath of Hurricane Katrina. The state rescheduled the motion hearing for December 19, 2005, which proceeded as scheduled. Trial was set for January 24, 2006, which is the date the motion to quash was granted and defendant was released. The charges were reinstated three months later. While the failure to reinstate the charges sooner and to properly serve defendant during the pendency of the reinstated case are attributable to the state, defendant was not in continued custody[5] during this time, and she has not demonstrated in her motion to quash any prejudice caused by these delays. She has not alleged that any witness or evidence has been lost or compromised due to these delays. Therefore, taking all of the Barker factors into consideration, it appears that there was "palpable abuse" on the part of the trial court in granting defendant's motion to quash.
Accordingly, we reverse the ruling of the district court granting the motion to quash and remand the case for further proceedings.
REVERSED AND REMANDED.
BELSOME, J., dissents with reasons.
BELSOME, J., Dissents With Reasons.
I respectfully dissent from the majority's opinion as it relates to the timeliness of the State's appeal. I disagree that the State's oral notice of their intent to file an appeal and the court's response, "[n]ot a problem", meets the requirements set forth in La.C.Cr.P. art. 914. The language of the statute clearly states that "[t]he motion shall be entered in the minutes of the court" and the motion for appeal must be made within thirty days of the ruling. The minutes fail to reflect a motion for appeal filed by the State until October 4, 2006, 45 days after the judge's ruling. Accordingly, I would dismiss the appeal as untimely.
NOTES
[1] La.C.Cr.P. art. 912(B) provides in pertinent part:

. . . Adverse judgments or rulings from which the state may appeal include, . . .
(1) A motion to quash an indictment . . .
[2] In Garrus, this Court did not explain whether it considered the deficiency the use of the term "writ" rather than the more specific term "appeal" or if the deficiency included the use of the words "intent to seek".
[3] In her motion to quash defendant did not assert a violation of her statutory right to a speedy trial pursuant to La.C.Cr. P. art. 578 which requires that trial in a non-capital case be commenced within two years of the institution of prosecution. Pursuant to La.C.Cr.P. art. 580, the time period set forth in article 578 is suspended until the trial court's ruling when the defendant files a motion to quash or other preliminary plea; but in no case shall the state have less than one year after the ruling to commence trial.
[4] In Esteen, this court affirmed the trial court's granting of a motion to quash. The court found that a two and one-half year delay between the filing of the charges and trial was presumptively prejudicial, triggering an inquiry into the other factors. The case was continued twenty-two times, mostly due to the state and the trial court. Twice the state nolle prosequied the charges when it was not ready to begin the trial. Although the defendant did not move for a speedy trial nor object to any of the continuances, this court concluded that these omissions were not dispositive, and found that they were only one factor to consider. This court also found that the defendant was "clearly prejudiced" by the delays since he spent eleven months incarcerated, and his defense was severely hampered by the death of a crucial witness.
[5] It is not known when defendant was rearrested after the charges were reinstated but the record indicates that she was not in continued custody after her arrest.