STATE OF LOUISIANA                          NO. 22-K-257

VERSUS                                      FIFTH CIRCUIT

DJUAN MACKEY                                COURT OF APPEAL

                                            STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
First Deputy, Clerk of Court

June 10, 2022

Susan Buchholz
First Deputy Clerk

**IN RE** STATE OF LOUISIANA

**APPLYING FOR** SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE VERCELL FIFFIE, DIVISION "A", NUMBER 18,157

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

## WRIT GRANTED, JUDGMENT REVERSED

Defendant-relator, Djuan Mackey, is charged with two counts of being a principal to second-degree murder and one count of being a principal to attempted second-degree murder. Trial began on June 1, 2022. Before jury selection, defendant again requested copies of immunity agreements between the State and Mr. Derrence Greenup.[1] After the jury was selected, the State provided two immunity agreements, one from the Orleans Parish District Attorney's Office, and the other from the St. John the Baptist Parish District Attorney's Office. Before opening statements, defendant orally moved for a mistrial alleging that the late disclosure of the two immunity agreements substantially prejudiced him in preparing his defense. The trial court granted defendant's motion, ordered a mistrial, and entered a stay in conjunction with the State's filing of a supervisory writ application in this Court to review the declaration of a mistrial. In a 2-1 ruling, this Court denied the State's writ application. *See State v. Mackey*, 22-246 (La. App. 5 Cir. 6/6/22) (unpublished writ disposition).

Defendant then sought to be released from his bond obligations and from incarceration. The trial court granted defendant's immediate release on June 6, 2022. The trial court stated on the record:

> … after hearing the arguments and getting a clarification
> in regards to how the two statutes being 582 and 701

---

[1] Defendant had previously requested the agreements from the State, and the trial court allegedly ordered the State to turn over the agreements to defendant in April 2022. *See State v. Mackey*, 22-246 (unpublished writ disposition).

22-K-257

intertwine. And looking at the four factors by which a speedy trial is to be evaluated, the length of the delay, the reason for delay, the defendant's assertion of his rights, and the prejudice to the defendant, and looking at some other aspects in which that case - - in that case in which they say that the test that was put forward in *Barker v. Wingo* and *State v. Foat* is not designed to supply simple automatic answers to complex questions but instead to provide a framework for a difficult and sensitive balancing process. And looking at those factors together, looking at the length of the delay also, we can't forget that.

The original Motion for Speedy Trial was filed on July 7, 2021, and the fact that the mistrial was due to the Defense receiving what they considered important discovery material the day before trial, that's less than 24 hours before trial, …

Also, we have to look at whether or not there was just cause for this particular issue. The agreements were signed roughly six years ago. In fact, one of the agreements was signed by this District Attorney's Office, which means that the release of the particular information was actually in control of the State.

It could be argued that the State provided the information as soon as it could, but that is not a valid reason for the delay. We don't have a valid reason here. So, this delay must be counted against the State[.]

Therefore, the Court does not find just cause for holding Mr. Mackey. And, of course, as [defense counsel] said, the Court cannot look at any seriousness of the crime that was committed. I think that that would be possibly a violation of my duties. …

So, at this point looking at the reasons and the factors, the Court is going to release Mr. Mackey.

The State filed a motion to stay the trial court's ruling, which this Court granted. *See* 22-KM-252 (unpublished Order). The State now seeks supervisory review of the trial court's immediate release of defendant, arguing that the trial court incorrectly applied La. C.Cr.P. art. 701, which sets the time delays within which the State must proceed to trial against the defendant, rather than La. C.Cr.P. art. 582, which governs the time delay for proceeding to trial after a mistrial has been declared.

La. C.Cr.P. art. 582 provides:

When a defendant obtains a new trial or there is a mistrial, the state must commence the second trial within one year from the date the new trial is granted, or the mistrial is

2

ordered, or within the period established by Article 578, whichever is longer.

In opposition to the State's writ application, defendant argues that the reason for the mistrial was the State's own delay in turning over alleged *Brady* material and suggests that defendant should not be forced to remain incarcerated where the State caused the delay. Defendant suggests that the State intentionally withheld the immunity agreements in order to "goad" defendant into seeking a mistrial. Defendant further argues that La. C.Cr.P. art. 729.5, which provides remedies available to the trial court for a party's failure to comply with discovery requests, constitutes an additional basis for upholding the trial court's order of immediate release.

Upon review of the writ application and opposition thereto, we find the State's argument—that the trial court incorrectly applied La. C.Cr.P. art. 701 to order defendant's immediate release—has merit.

The remedy provided by Article 701 is <u>pre-trial</u> release. *State v. Johnson*, 622 So.2d 845, 848 (La. App. 4 Cir. 1993). Trial commenced in this case on June 1, 2022, and neither party disputes that trial had begun.[2] Once trial commenced, a claim under Article 701 became moot. *Id.*; *cf. State v. Otkins-Victor*, 15-340 (La. App. 5 Cir. 5/26/16), 193 So.3d 479, 529 (holding that any rights under La. C.Cr.P. art. 701 become moot after conviction because the remedy for such a violation is defendant's pre-trial release). Likewise, the trial court's consideration of the factors used to evaluate whether a defendant is entitled to release for violation of his Sixth Amendment right to a speedy trial, enunciated in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), was no longer appropriate.[3]

Instead, Article 582 applies to these facts. Under Article 582, "when a defendant obtains a new trial or there is a mistrial, the state must commence the second trial within one year[.]" The language of Article 582 does not provide additional remedies to defendant in the event the mistrial, and neither La. C.Cr.P. art. 582 nor La. C.Cr.P. art. 729.5, cited by defendant, contains a provision allowing for defendant's immediate release. La. C.Cr.P. art. 729.5 permits the trial court to "enter such other order, other than dismissal, as may be appropriate[,]" but defendant has not cited a case, nor have we located any, in which the defendant has been ordered immediately released for the State's alleged failure to comply with the rules of discovery.

---

[2] A jury trial commences when the first prospective juror is called for examination. La. C.Cr.P. art. 761; *State v. Lovett*, 359 So.2d 163, 166 (La. 1978).

[3] In *Barker v. Wingo*, 407 U.S. at 530-31, the U.S. Supreme Court stated:

> A balancing test necessarily compels courts to approach speedy trial cases on an ad hoc basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. … [B]ecause of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case.

3

Accordingly, we grant the State's writ application and reverse the trial court's judgment permitting defendant's immediate release. Defendant shall be remanded to custody pending trial.

Gretna, Louisiana, this 10th day of June, 2022.

**SMC**
**FHW**
**JGG**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **06/10/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-K-257**

**E-NOTIFIED**
 40th District Court (Clerk)
 Honorable Vercell Fiffie (DISTRICT JUDGE)
Randy J. Dukes (Respondent)

Honorable Bridget A. Dinvaut (Relator)
Justin B. LaCour (Relator)

**MAILED**