DANIEL L. DYSART, Judge.
| /rhe State of Louisiana appeals a judgment of the trial court wherein a Motion to Quash the bill of information was granted in favor of defendant, Cardell D. Anderson.[1] For the reasons set forth below, we reverse the ruling of the trial court and remand the matter for further proceedings.
PROCEDURAL HISTORY:
The defendant, Cardell Anderson, was arrested on July 25, 2008 and charged with possession of a stolen vehicle and flight from an officer. On July 80, 2008, a bond instrument was executed in the name of Cardell Anderson, but was signed by “Kevin Hicks.” The defendant was charged by bill of information, filed on September 23, 2008, with unauthorized use of a motor vehicle, a violation of La. R.S. 14:68.4, to which he plead not guilty at his arraignment on September 26, 2008. A hearing on motions was set for December 16, 2008. Defense counsel appeared without the defendant, who was not served; the hearing was reset for ^February 18, 2009. On that date, the defendant failed to appear, and an alias capias issued. A bond forfeiture hearing was set for March 5, 2009, and the defendant did not appear. The trial court granted the bond forfeiture, and another alias capias issued. On June 12, 2009, the defendant was arrested, and the arrest on the capias was filed on June 15, 2009. On June 16, 2009, the defendant appeared with appointed counsel. The trial court recalled the alias capi-as and issued a release. On July 24, 2009, the defendant appeared with counsel for the hearing on the previously filed motions. The court found probable cause and denied the motion to suppress evidence. The court ordered the defendant to hire private counsel; however, on July 31, 2009 the court appointed the Orleans Public Defender’s office (OPD) to represent him. On August 6, 2009, the defendant appeared with counsel, and the trial court ordered the OPD conflict panel to remain on the case. Trial was set for August 18, 2009. On that date, the defendant appeared with counsel for trial, which was continued on a defense motion to October 14, 2009.[2] On that date, the defendant failed to appear for trial. The defendant’s bond was forfeited and an alias capias was issued for his arrest.
Over three years later, on November 26, 2012, the defendant filed a pro se motion to quash the bill of information for failure to timely prosecute. The motion listed the defendant’s name as Kevin Hicks and stated that he was currently incarcerated at Jackson Parish Correctional Center. Although the motion is stamped and dated, there is no indication in the record that the motion was filed, or that the State was served with the motion.[3] The record also *1267 indicates that a Motion and Order for Writ of Habeas Corpus Ad Prosequendum was filed by the State and signed by the court on January 24, 2018, for defendant, Cardell Anderson, a/k/a Kevin Hicks, to be transported for a hearing on February 6, 2013, from the Jackson Parish Jail. A handwritten notation on the writ indicates that the signed order was sent by facsimile to the Department of Corrections on January 24, 2013.
On February 6, 2013, the defendant failed to appear for a status hearing; he also did not appear on March 5, 2013 for a status hearing. On March 22, 2013, defense counsel appeared without the defendant and filed a counseled “motion to quash based on running of prescriptive period.” On that date, the trial court, without written reasons, granted the motion to quash the bill of information. The court recalled the alias capias and issued a release. This appeal followed.
DISCUSSION:
In its sole assignment of error, the State argues that the trial court abused its discretion by granting the defendant’s motion to quash as prescription was interrupted when the defendant was given actual notice of the October 14, 2009 trial date but never appeared in court thereafter. The State argues that the earliest date that it could have known about the defendant’s incarceration was the date that he filed his pro se motion to quash on November 26, 2012. However, that date is problematic in that the defendant filed it under the name of Kevin Hicks, an alias unknown to the State, and there was nothing to indicate that the State had been served with the motion. The State points out that the counseled motion to quash filed on March 22, 2013 made several factual assertions about the defendant’s incarceration, but no documentation was submitted to support those assertions, and no exhibits were filed at the hearing. The State maintains that the defendant’s right to a speedy trial has not been violated because the delay was attributable to his |4failure to appear for trial after being given actual notice in open court of the October 14, 2009 trial date.
The defendant argues that his motion to quash was based on La.Code Crim. Proc. art. 532(A)(7),[4] which provides that a bill of information shall be quashed if the time limitation for the institution of the prosecution or for the commencement of trial has expired. The defendant contends that none of the exceptions to La. Code Crim. Proc. art. 578 listed in La. Code Crim. Proc. art. 579 apply in this case, and that Article 579 A(l) does not apply because the defendant did not intentionally get arrested in Jefferson Parish to avoid prosecution in Orleans Parish. The defendant argues that the State took no measures to obtain the defendant’s presence in court despite the fact that he was incarcerated in neighboring Jefferson Parish. The Defendant concedes that he had actual notice of trial, but was unable to appear due to his incarceration in another parish. The defendant claims that he was arrested on September 17, 2009 in Jefferson Parish; therefore, the running of prescription began on that date and the two-year prescriptive period would have tolled on September 17, 2011. Alternatively, the defendant contends that the date that the prescriptive period should have started anew was the date that he *1268 plead guilty to attempted second degree murder in Jefferson Parish and was given a four-year sentence, January 18, 2011, with the prescriptive period thereby expiring on January 18, 2013. Again, no evidence of any of these alleged facts were entered into the record of these proceedings.
|sAt the March 22, 2013 hearing, the trial court examined the record and set forth the following timeline:
The defendant was in court on September 26, 2008 for his arraignment; he pleaded not guilty;
On October 7, 2008 the defendant appeared without counsel;
On December 16, 2008 counsel appeared without the defendant, and the hearing on the motions was reset to February 18, 2009;
On February 18, 2009 the defendant failed to appear;
On March 5, 2009 the defendant failed to appear, and the trial court issued a capi-as;
On June 12, 2009 he was arrested, and he appeared in court on June 16, 2009; the court recalled the capias on that date;
On July 24, 2009 the defendant appeared with counsel for the hearing on the motions;
On July 28, 2009 the court found probable cause and denied the motion to suppress the evidence; the court ordered that the defendant could not be represented by OPD because he had made bail;
On July 31, 2009 he appeared without counsel for a hearing to determine counsel, and an attorney stood in; the court appointed OPD, and trial was set for August 18, 2009;
On August 4, 2009 a hearing was set for August 6, 2009;
On August 18, 2009 the defendant appeared with counsel for trial, which was continued on a defense motion to October 14, 2009;
On October 14, 2009 the defendant failed to appear.
The defendant claims that he was arrested in Jefferson Parish on September 17, 2009, and had been incarcerated there since that date. The defendant claimed that he plead guilty to attempted second degree murder in Jefferson Parish in 2011 and was given a four-year sentence. After reviewing the record and discussing the matter “off the record” with counsel, the court declared that the last date the defendant appeared in Criminal District Court for Orleans Parish, August 18, 2009, was the “magic date,” and granted the motion to quash.
| STANDARD OF REVIEW:
A trial court’s ruling on a motion to quash is reviewed under an abuse of discretion standard. State v. Love, 00-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206; State v. Jordan, 12-0930, p. 3 (La.App. 4 Cir. 6/5/13), 118 So.3d 1235, 1237.
The right to a speedy trial is guaranteed by both the United States and the Louisiana constitutions. U.S. Const. Amendment 6; La. Const. Art. I, § 16. In addition to the statutory right to a speedy trial recognized by La.Code Crim. Proc. art. 701A, a defendant also has a fundamental constitutional right to a speedy trial. See State v. Scott, 04-1142, p. 11 (La.App. 4 Cir. 7/27/05), 913 So.2d 843, 850. The standard for analyzing such a claim has been set out in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and the cases interpreting it:
The Supreme Court has set forth the following four factors for courts to consider in determining whether a defendant’s right to a speedy trial has been *1269 violated: (1) the length of the delay; (2) the reasons for the delay; (3) the accused’s assertion of his right to speedy trial; and (4) the prejudice to the accused resulting from the delay. Id. at 531-532, 92 S.Ct. at 2192-93; see also State v. Reaves, 376 So.2d 136 (La.1979) (adopting Barker factors). The specific circumstances of a case will determine the weight to be ascribed to the length of and reason for the delay because “the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.” [State v.] Reaves, 376 So.2d at 138 (quoting Barker, 407 U.S. at 531, 92 S.Ct. at 2192).
State v. Gaines, 08-0967, p. 2 (La.App. 4 Cir. 2/11/09), 5 So.3d 915, 916-17, (quoting State v. Batiste, 05-1571, pp. 6-7 (La.10/17/06), 939 So.2d 1245, 1250). See also State v. Kitchens, 09-0834, 09-0836, p. 4 (La.App. 4 Cir. 3/24/10), 35 So.3d 404, 406.
The State bears a heavy burden to demonstrate that an interruption or suspension of the prescriptive period has occurred where a defendant has a 17meritorious motion to quash the bill of information. State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284, 1286.
In this case, the bill of information was filed on September 28, 2008, and the defendant’s pro se motion to quash was filed on November 26, 2012. The counseled motion to quash was filed on March 22, 2013. As to the reason for the delay, the State argues that the defendant did not appear for trial after he had actual notice of the October 14, 2009 trial date. He did not appear in court until 2013. Further, the defendant did not file a motion asserting his right to a speedy trial, and makes only generalized allegations that the delay has prejudiced his ability to defend against the unauthorized use of a motor vehicle charge. Although the length of the delay may be presumptively prejudicial, after a consideration of the other Barker v. Wingo factors, we find that the ruling of the trial court quashing of the bill of information was not warranted.
As to the defendant’s claim that he had a statutory right to a speedy trial, La.Code Crim. Proc. art. 578 provides in pertinent part:
A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
(2) In other felony cases after two years from the date of institution of the prosecution. ...
La.Code Crim. Proc. art. 579 provides:
A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal | ^process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.[5]
La.Code Crim. Proc. art. 580 provides:
A. When a defendant files a motion to quash or other preliminary plea, the *1270 running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
B. The periods of limitation established by Article 578 shall also be suspended if the court grants a continuance in accordance with the provisions of Paragraph B of Article 709.
Once the original two-year period from institution of prosecution lapsed and the defendant moved to quash the charges against him due to a violation of La.Code Crim. Proc. art. 578 A(2), the State bore a heavy burden of justifying any delay. State v. Odom, 06-0975 (La.11/3/06), 941 So.2d 24, 26; State v. Causey, 02-1848, p. 5 (La.App. 4 Cir. 4/9/03), 844 So.2d 1076, 1079. See also State v. Peters, 10-0939, p. 10 (La.App. 4 Cir. 11/17/10), 52 So.3d 233, 239. The State had to demonstrate either an interruption or a suspension of the time limit to prove that prescription did not toll.
“An interruption of prescription occurs when the state is unable, through no fault of its own, to try a defendant within the period specified by statute.” State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284, 1286-87.
In State v. Romar, 07-2140, p. 6 (La.7/1/08), 985 So.2d 722, 725 the Louisiana Supreme Court held that La.Code Crim. Proc. art. 579 A(3) does not impose on the State the affirmative duty to search for a defendant who has failed to appear for trial after receiving actual notice. Once the cause of interruption ceases, the prescriptive period runs anew. La.Code Crim. Proc. art. 579 B.
The defendant in Romar was charged with a third offense DWI in 1997 and appeared for arraignment in January 1998. He appeared again for a pretrial motion hearing, which was then reset for April 1998. After failing to appear in April and again in June 1998, the court forfeited the defendant’s bond and issued an attachment for his arrest. The defendant was not arrested until 2006, eight years later. He subsequently sought to quash the prosecution on the grounds that the state had failed to exercise due diligence to execute the outstanding warrant in the years following his non-appearance in court. He presented evidence to show that he had renewed his driver’s license in 2003 and also presented utility bills to show that he had lived at the same address for many years. He admitted that he never notified the court or his bondsman of his change of address, testifying that his attorney told him that he would take care of it. The trial court quashed the charge, and the appellate court affirmed. The Supreme Court reversed, stating:
In the present case, the period of limitation did not begin to run anew until the *1271 cause of the interruption no longer existed, i.e., until defendant was finally arrested on the | mopen attachment and appeared in court to dispose of the criminal contempt proceeding. The burden under La.C.Cr.P. art. 579(A)(3) thus falls not on the state to show that defendant had placed himself outside of its control to secure his presence at trial but on defendant and his sureties to avoid the consequences of his failure to appear in court after receiving notice, and one of those consequence [sic], since 1984, is the interruption of the time limits placed on trial.
Romar, 07-2140, pp. 7-8, 985 So.2d at 727. Thus, the Court found the fact that the defendant was theoretically “locatable” to be of no significance once it was established that the defendant had received actual notice.
In State v. Baptiste, 08-2468 (La.6/23/10), 38 So.3d 247, the Louisiana Supreme Court found that the state did not bear a duty to monitor the status of the outstanding arrest warrant issued for the defendant, who failed to appear in Plaquemines Parish after receiving actual notice of the hearing date. The defendant was incarcerated in St. Charles Parish approximately six months after the arrest warrant was issued by Plaquemines Parish. The Louisiana Supreme Court found that prescription was interrupted when the defendant failed to appear in court, and that the interruption of prescription ended when the St. Charles Parish authorities contacted officials in Plaquemines Parish and notified them of defendant’s impending release, after they discovered the outstanding warrant.
In State v. McQuirter, 12-0486 (La.App. 4 Cir. 1/23/13), 108 So.3d 370, the defendant argued a violation of her constitutional and statutory right to a speedy trial, as there had been a delay of nearly nine years in bringing her to trial. This Court concluded:
The record before this Court shows that the appellee received notice in open court on June 24, 2003 to appear on July 14, 2003, and that she failed to do so. Because we find that the State has carried its burden of proving that the ap-pellee received adequate service, there In was no basis to quash the bill on statutory grounds. Further, we do not find that the State had an obligation to bring the appellee to trial while she was incarcerated in Jefferson Parish once the prescription period was interrupted when appellee failed to appear in court. See State v. Williams, 2011-1231, pp. 6-7 (La.App. 4 Cir. 5/23/12), 95 So.3d 554, 558, (whereby this Court held that the State is under no obligation to locate a defendant who was subsequently incarcerated in another parish once the prescriptive period has been interrupted by record proof of actual notice.)
McQuirter, 12-0486, pp. 9-10, 108 So.3d at 375-76.
The defendant was given actual notice of the October 14, 2009 trial date in court on August 18, 2009 when he appeared with counsel for trial, and his motion to continue was granted. The defendant concedes that he was given actual notice of the trial date of October 14, 2009.[6] Pursuant to the aforementioned jurisprudence, the running of the two-year time limit was interrupted on that date, and the interruption did not end until, at the earliest, January 24, 2013 (when the State moved to have the defendant transferred from the Jefferson Parish jail and brought to court). Assuming the time period began to run anew on that *1272 date, prescription would have been suspended by the filing of the defendant’s counseled motion to quash on March 22, 2013. Therefore, we find that the defendant’s statutory right to a speedy trial has not been violated and that the delay was occasioned by his failure to appear for trial after being given actual notice in open court.
CONCLUSION:
Accordingly, we find that the trial court abused its discretion when it granted | ^the defendant’s motion to quash. We reverse the ruling of the trial court which granted the defendant’s motion to quash and remand for further proceedings.
REVERSED AND REMANDED.

. After a review of the Orleans Parish Sheriff's Office docket masters and the computer link to criminal district court's computer system, we have determined that Cardell Anderson has an alias, Kevin Hicks. Both Cardell Anderson and Kevin Hicks were bom on January 16, 1989, and both have the same social security number. Kevin Hicks was charged in another case (470-572 H7M2) with carrying a concealed weapon, but that charge was nolle prosequied on October 28, 2008. Defendant used the alias, Kevin Hicks, a/k/a Cardell Anderson, when he filed his pro se motion to quash in this case. Defense counsel concedes that Cardell Anderson is an alias for Kevin Hicks.

. Appellate counsel concedes in her brief that the defendant had actual notice of the October 14, 2009 trial date.

. This Court takes judicial notice that the address provided by the defendant in his pro *1267 se motion to quash is correct for the Jackson Parish Correctional Center.

. There is no subsection (A) in the article. La.Code Crim. Proc. art. 532 provides in part:
"A motion to quash may be based on one or more of the following grounds: (7) The time limitation for the institution of prosecution or for the commencement of trial has expired.”

. 2013 La. Acts, No. 6, § 1 added Subsection C. which currently provides:
*1270 C. If the defendant fails to appear in court pursuant to any provision of this Article and the defendant is subsequently arrested, the periods of limitations established by Article 578 of this Code shall not commence to run anew until the defendant appears in person in open court where the case on the original charge is pending, or the district attorney prosecuting the original charge has notice of the defendant's custodial location. For purposes of this Paragraph, "notice” shall mean either of the following:
(1) Filing in the court record by either the defendant or his counsel advising the court of his incarceration with a copy provided to the district attorney and certification of notice provided to the district attorney.
(2) Following the seventy-two hour hearing provided by Article 230.1 of this Code, actual notice of arrest is provided to the district attorney and filed in the record of the proceeding of which the warrant against the defendant was issued.

. The defendant also admitted that he used an alias in the criminal district court case, and the use of the alias would have suspended the prescriptive period.