EDWIN A. LOMBARD, Judge.
_jjThe State seeks reversal of the trial court judgment granting the defendant’s motion to quash the bill of information. After review of the record in light of the applicable law and arguments of the parties, we affirm the judgment of the trial court.

Relevant Facts and Procedural History

On July 6, 2011, a Chase Visa debit card was stolen and used to obtain over $1500 in cash from Harrah’s Casino, Walgreens, and Brothers Food. On August 25, 2011, Dominique Domino was charged by bill of information with unauthorized use of an access card as theft, a violation of La.Rev. Stat. 14:67, and obstruction of justice, a violation of La.Rev.Stat. 14:67.3(A). At his arraignment on August 30, 2011, the defendant pleaded not guilty. On October 13, 2011, the trial court found insufficient probable cause to substantiate the charges “due to the State not announcing ready when the matter was called in open court” and the State’s failure to turn over the police report until the date of the hearing. The State sought supervisory review of this ruling but due to its three requests to extend the return date, the writ was not filed in this court until January 25, 2012.
| .¿Meanwhile, the defendant waived extradition to Florida and, according to the court minutes of October 31, 2011, failed to appear at the scheduled hearing because he “is said to be incarcerated in the State of Florida.” The trial court issued an alias capias and continued the hearing without date. Although this court subsequently (on March 14, 2012) granted the State’s writ application, vacated the ruling of October 13, 2011, and remanded the matter back to the trial court for further proceedings court, State v. Domino, un-pub. 2012-0166 (La.App. 4 Cir. 3/14/12), the State took no further action until after the defendant’s arrest in July 2014. On July 23, 2014, the defendant was released by the trial court and the alias capias was recalled. On August 20, 2014, the defendant moved to quash the bill of information, arguing that the State failed to timely prosecute the charges after filing the bill of information on August 26, 2011. A hearing on the motion was initially set for September 5, 2014, but continued until September 12, 2014, by motion of the State. Notably, the State never filed a written response to the motion and arrived at the hearing apparently unprepared, arguing that the defendant, in waiving his extradition to Florida, “basically absconded, even though he was in the custody of jail, he absconded knowing that he had pending charges.” Further, the State argued that the “clock was still ticking” until a notice was filed in accordance with La. Code Crim. Proc. art. 579(C). The State was unaware of this court’s judgment of March 2012 granting the State’s writ and remanding the matter back for further proceedings.[1]
The trial judge, finding the State arguments unpersuasive, granted the defendant’s motion to quash. The State appeals.
| Standard of Review
A trial court’s ruling on a motion to quash is a discretionary one, which should *901 not be disturbed absent a clear abuse of discretion. State v. Love, 2000-3347, pp. 9-10 (La.5/23/07), 847 So.2d 1198, 1206; State v. Sorden, 2009-1416, p. 3 (La.App. 4 Cir. 8/4/10), 45 So.3d 181,183.

Applicable Law

Louisiana’s relevant statute provides that no felony trial, other than for a capital offense, may be commenced two years after the date the prosecution was instituted, see La.Code Crim. Proc. art. 578(A)(2), although this period shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode; or
(2) The defendant cannot be tided because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears in the record.
La.Code Crim. Proc. art. 579(A); see also La.Code Crim. Proc. art. 579(B) (the periods of limitation begin to run anew from the date the cause of the interruption no longer exists). Upon expiration of the time period, the court shall, upon motion of the defendant prior to trial, dismiss the indictment. La. Code Crim, Proc. art. 581.
The purpose of mandating dismissal upon expiration of legislative time limits is to enforce an accused’s right to a speedy trial and prevent the oppression caused by suspending criminal prosecutions over citizens for indefinite periods of time. State v. Romar, 2007-2140, p. 3 (La.7/1/08), 985 So.2d 722, 725 (citing State v. Rome, 93-1221, p. 3 (La.1/14/94), 630 So.2d 1284, 1286) (citations | ¿omitted). In addition, the “statutory scheme limiting the state’s time in which to commence trial after initiating prosecution prevents delays in the administration of justice by imposing on judicial tribunals an obligation of proceeding with reasonable dispatch in the trial of criminal prosecutions.” Rome, supra. Because the statutes of limitation are the primary guarantee against inordinate delays and represent the legislative balancing of the interests of the state against the interests of the defendant, “these limitations should be given effect unless the state carries its burden of showing valid grounds to support an interruption or sufficient suspension of these time periods,” Rome, supra.
Accordingly, when a defendant brings an apparent meritorious motion to quash based on the prescription, the State bears a heavy burden to demonstrate that the time period was interrupted or suspended. State v. Joseph, 2012-1176, p. 3 (La.App. 4 Cir. 3/20/13), 112 So.3d 363, 365 (citing Rome, supra). Ordinarily, that burden requires the State to exercise due diligence in discovering the whereabouts of the defendant as well as taking appropriate steps to secure his presence for trial once it has found him. State v. Romar, 2007-2140 (La.7/1/08), 985 So.2d 722.

Discussion

In his motion to quash, the defendant argued that the State failed to exercise the requisite “due diligence” to institute a timely prosecution against him. As pointed out by the defendant, this prosecution was instituted when he was charged by bill of information on August 25, 2011. He was arrested several days later and incarcerated in Orleans Parish Prison until his transfer to Escambia County Jail (after waiving extradition to Florida) where he remained until his release on March | ,-27, *902 2012.[2] Notably, although this court granted the State’s writ on March 14, 2012, (while the defendant was still incarcerated in Florida) and remanded the matter for further proceedings, the State took no action until after the defendant moved to quash the indictment in August 2014. Even then, the State’s response was desultory at best, arguing that the defendant’s waiver of extradition to Florida was the equivalent of “absconding” and that the defendant had failed to fíle a notice as required by La.Code Crim. Proc. art. 579(C), apparently unaware that paragraph C is inapplicable in this case because it was added in 2013, after the defendant was released from jail in both Florida and El Paso, Texas. The State also suggested the burden was on the defendant to provide the impetus for timely prosecution of his case in Louisiana because “when he was in the Orleans Parish prison, he was aware that he had pending charges here.” Notably, the trial court’s last ruling with the defendant in attendance was the finding of no probable cause underlying the charges and, as indicated at the hearing in August 2014, even the State itself was unaware that this ruling had been overturned. Therefore, it is unsurprising that the trial judge did not find the State’s arguments persuasive or that the State met its “heavy burden” to demonstrate that the time period was interrupted or suspended.
On appeal, the State argues for the first time that the time limitations to commence trial are suspended because there has been no ruling on the defendant’s motions to suppress and for a bill of particulars which was filed on September 26, 2011. In addition, the State asserts that the time limitations were suspended by this court’s remand of the matter back to the trial court (in March 2012) for further proceedings. This court does not consider issues presented for the first time on | r,appeal and, in any event, our standard of review is whether the district court abused its discretion in granting the motion to quash. Clearly, on the record in this case, there was no abuse of discretion. There is no evidence whatsoever that the State exercised due diligence in prosecuting this defendant in a timely manner[3] and, in its arguments before the district court, the State appeared unprepared, unaware of both the record and the applicable law.
Finally, the dissenting judge in this matter insists that the State’s erroneous arguments at the hearing make no difference because “[t]he record reveals that Defendant had actual notice at the October 13, 2011 hearing that he was to appear on October 31, 2011, and failed to do so, triggering the issuance of a capias for his arrest.” As the dissenting judge correctly notes, pursuant to the La.Code Crim. Proc. art. 579(A)(3), the time period set forth in La.Code Crim. Proc. art. 578 is interrupted if “[t]he defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears in the record” La.Code Crim. Proc. art. 579(A)(3) (Emphasis added).
However, the court minutes of October 13, 2011, do not show that the defendant had “actual notice” on that date that he was to appear on October 31, 2011. Rather, the court minutes of October 13, 2011, indicate that the defendant appeared with counsel for the preliminary hearing and the court “found insufficient probable *903 cause to substantiate the charges” due to the State’s announcing that it was not ready and because “the State did not turn over the very “lengthy” police report until this hearing on motion date, 13 October 2011.” The court minutes also indicate that the State announced its intention to seek a writ on the court’s ruling 17and was granted a return date of October 31, 2011. Further, a “release” was “issued” and the capias recalled. Finally, whereas at the previous hearing on September 26, 2011, the court minutes indicated that “the defendant was notified in open court,” the court minutes of October 13, 2011, clearly state “HEARING ON MOTIONS SET FOR 10/31/11 > SEND NOTICES. NOTIFY DEFENDANT. > SEND NOTICE TO DEFENSE COUNSEL DEM-ETRI FORD.” (Emphasis added).
It is not clear in the record when exactly the defendant waived extradition and was transferred to Florida, but there is also no evidence in the record that the defendant received the notification of the October 31, 2011, hearing date. Accordingly, there is no “actual notice, proof of which appears in the record” that the defendant was notified of the October 31, 2011, court date and, therefore, the time period set forth in La. Code Crim. Proc. art. 578 is not interrupted.

Conclusion

The district court judgment granting the defendant’s motion to quash is affirmed.
AFFIRMED.

. Notably, when questioned by the trial judge about the State writ application, the ADA responded that "it appears that a writ was taken” but "I don't know the results of the writ.”

, The defendant was also briefly incarcerated in El Paso, Texas, in July 2012.

. We do note that in accordance with La. Code Crim. Proc. art. 572(A), institution of prosecution for theft must take place within four years of the charged offense. The underlying offense in this case took place on July 6, 2011.