| | | |
|---|---|---|
| **STATE OF LOUISIANA** | * | **NO. 2019-KA-0609** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **ERNEST C. THIBODEAUX, JR.** | * | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 515-141, SECTION "J"
Honorable Darryl A. Derbigny, Judge
* * * * * *
**Judge Regina Bartholomew-Woods**
* * * * * *
(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Regina Bartholomew-Woods)

**LOBRANO, J., CONCURS IN THE RESULT**
**LEDET, J., CONCURS IN THE RESULT**

Leon Cannizzaro
DISTRICT ATTORNEY
Donna Andrieu
CHIEF OF APPEALS
Scott G. Vincent
ASSISTANT DISTRICT ATTORNEY
Parish of Orleans
619 S. White Street
New Orleans, LA 70119

        COUNSEL FOR APPELLANT

James Hoeffgen
Orleans Public Defenders
2601 Tulane Ave., Suite 700
New Orleans, LA 70119


        COUNSEL FOR DEFENDANT/APPELLEE

AFFIRMED
DECEMBER 4, 2019

The State seeks review of the trial court's November 30, 2018 ruling that granted Ernest C. Thibodueaux, Jr.'s ("Defendant") motion to quash the bill of information based on a finding that the State failed to timely bring Defendant to trial within the two-year prescriptive period set forth in La. C.Cr.P. art 578(A)(2). For the reasons that follow, we affirm the judgment of the trial court.

## BACKGROUND

On February 25, 2013, the State filed a bill of information against Defendant charging him with issuing a worthless check in the amount of $500 or more in violation of La. R.S. 14:71(D)[1]. On April 8, 2013, Defendant appeared for arraignment and entered a plea of not guilty. The minute entry reflects that a pre-trial conference was set in the matter for April 24, 2013, and also notes, "send notice to defense." On April 24, 2013, Defendant appeared for his pre-trial conference. The trial court reset the pre-trial conference until June 12, 2013. Again, the minute entry reflects, "send notice to defense."

---

[1] This statute was amended effective August 1, 2017. State cites in its citation to a previous (effective August 1, 2010 through July 31, 2017) version of the statute.

Defendant failed to appear for his June 12, 2013 pre-trial conference. Although his counsel appeared, an alias capias was issued for Defendant's arrest; and another pre-trial conference was set for June 13, 2013. On June 13, 2013, Defendant appeared with counsel, and the alias capias for his arrest was recalled. Again, another pre-trial conference was set for July 11, 2013. Again, the minute entry reflects, "send notice to defense."

On July 11, 2013, Defendant appeared for the scheduled pre-trial conference without counsel, and it is noted in the minute entry that counsel was not able to appear due to illness. At the conference, a probation officer from Jefferson Parish appeared and informed the trial court that Defendant had an outstanding warrant from Jefferson Parish. Consequently, Defendant was remanded to the custody of the Orleans Parish Criminal Sheriff, and it is noted in the minute entry that "Defendant will be transferred to JP [Jefferson Parish]." Another pre-trial conference was set for August 8, 2013, and the minute entry notes, "State to writ in the Defendant." The docket master also notes that "the State filed [a] Motion and Order for Writ of Habeas Corpus Ad Prosequendum." However, unlike previous entries, there is no notation in the July 11, 2013 minute entry to reflect that Defendant was notified in open court of the August 8, 2013 pre-trial conference date.

On August 8, 2013, when Defendant was not brought to court for the pre-trial conference and the minute entry reflected at the time that Defendant was in "JP custody," another pre-trial conference was set for August 16, 2013. Again, the

minute entry notes that "the State filed [a] Motion and Order for Writ of Habeas Corpus Ad Prosequendum . . . Jefferson Parish." Also, it noted "the State to writ in the Defendant." Again, unlike previous entries, the minute entry does not reflect "send notice to defense."

A series of pre-trial conferences were set thereafter and Defendant failed to appear in court for each one of them. The record clearly reflects that Defendant was not in court when those pre-trial conferences were set. Finally, on January 15, 2014, the court issued an alias capias for Defendant's arrest.

On October 31, 2018, Defendant filed a motion to quash the bill of information on the basis that the State failed to bring him to trial within the two-year prescriptive period as provided in La. C.Cr.P. art. 578(A)(2). In its opposition, the State countered that the two-year prescriptive period did not expire because prescription was interrupted pursuant to La. C.Cr.P. art. 579(A)(3). On November 30, 2018, the trial court granted Defendant's motion to quash the bill of information without assigning reasons. Consequently, the State filed the instant appeal.

DISCUSSION

As its sole assignment of error, the State contends that the trial court erred in granting Defendant's motion to quash. Its argument is two-fold. First, the State argues that when Defendant failed to appear for his pretrial conferences pursuant to actual notice the two-year limitation period was interrupted. Second, the State submits that it did not have notice of Defendant's incarceration in Jefferson Parish

3

and, later, in the State of Mississippi, because the notice requirements of La. C.Cr.P. art. 579(C)(1) were not satisfied. Conversely, Defendant asserts in his motion to quash that more than two years has passed since the State filed the bill of information against him.

In reviewing a motion to quash involving solely a legal issue, this court applies a *de novo* standard of review, while a motion to quash involving factual determinations is reviewed based on an abuse of discretion standard. *State v. Hall*, 2013-0453, p. 11 (La. App. 4 Cir. 10/9/13); 127 So.3d 30, 39. "Because the complementary role of trial courts and appellate courts demands that deference be given to a trial court's discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion." *State v. Love*, 2000-3347, p. 10-11 (La. 5/23/03), 847 So.2d 1198, 1206. Louisiana law dictates that a motion to quash is the proper procedural vehicle for challenging the State's untimely commencement of trial. La. C.Cr.P. art. 532(7). Motions to quash based on prescription typically require factual determinations; and thus, this Court will review the district court's findings under an abuse of discretion standard. *See State v. Ramirez*, 2007-562, p. 4 (La. App. 4 Cir. 1/9/08), 976 So.2d 204, 207 (reviewing trial court's ruling on a motion to quash on grounds of prescription under an abuse of discretion standard).

"Once a defendant asserts a facially meritorious motion to quash based on a failure to timely commence trial, the district attorney 'bears the heavy burden' of showing that the running of this prescriptive period was interrupted." *State v.*

4

*Thomas*, 2013-0816, p. 5 (La. App. 4 Cir. 3/19/14), 138 So.3d 92, 97) (quoting *State v. Bobo*, 2003-2362, p. 4 (La. 4/30/04), 872 So.2d 1052, 1055); *see also State v. Groth*, 483 So.2d 596, 599 (La. 1986). Generally, this burden of proof requires the State to "'exercise due diligence in discovering the whereabouts of the defendant as well as in taking appropriate steps to secure his presence for trial once it has found him.'" *See State v. Romar*, 2007-2140, p. 3 (La. 7/1/08), 985 So.2d 722, 725, (quoting *State v. Bobo*, 2003-2362, p. 5 (La. 4/30/04), 872 So.2d 1052, 1055-56); *see also State v. Jones*, 2013-1216, p. 5 (La. App. 4 Cir. 5/7/14), 144 So.3d 1092, 1095 (quoting *State v. Chadbourne*, 1998-1998, p. 1 (La. 1/8/99), 728 So.2d 832, 832); *State v. Sterwart*, 2015-0135, p. 6 (La. App. 4 Cir. 9/9/15), 176 So.3d 465, 469. (quoting *Romar*, *supra*).

In this case, the State instituted prosecution by filing a bill of information on February 25, 2013. Under La. C.Cr.P. art 578[2], therefore, Defendant should have been brought to trial no later than February 25, 2015.

Relying on La. C.Cr.P. art. 579(A)(3)[3], the State contends that "the record shows that the defendant failed to appear for his pretrial conferences pursuant to

---

[2] La. C.Cr.P. art. 578 provides:

> A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
>
> (1) In capital cases after three years from the date of institution of the prosecution;
>
> (2) In other felony cases after two years from the date of institution of the prosecution; and
>
> (3) In misdemeanor cases after one year from the date of institution of the prosecution.
>
> B. The offense charged shall determine the applicable limitation.

[3] La. C.Cr.P. art. 579(A)(3) provides, in pertinent part:

actual notice, which served as evidence for the defendant's capias and bond forfeiture. Thus, when the trial court issued an alias capias for the defendant's arrest, the two-year limitation period was interrupted." Also, the State implies that interruption of prescription commences to run anew only when Defendant appears in person before the trial court or the district attorney is provided notice. We find that the State's argument is without merit.

This Court has held that the failure of a Defendant to appear for a scheduled court date, after receiving actual notice of that date, proof of which is evident from the record, operates to interrupt the time period for bringing him to trial. *State v. Williams*, 11-1231, p. 8 (La. App. 4 Cir. 5/23/12), 95 So.3d 554, 559; *see also State v. Anderson*, 13-0978, p. 10 (La. App. 4 Cir. 1/30/14), 132 So.3d 1265, 1271.

La. C.Cr.P. art. 579 provides in pertinent part, "[t]he period of limitation established by Article 578 ***shall*** be interrupted if...[t]he defendant fails to appear at any proceeding pursuant to ***actual notice***, ***proof of which appears of record***." La. C.Cr.P. art. 579(A)(3) [emphasis supplied].

In *State v. Joseph*, 2012-1176 (La. App. 4 Cir. 3/20/2013), 112 So.3d 363, defendant appeared in court for a "filed arrest on *capias* notification" hearing. Counsel for the defendant filed a motion to quash the indictment, and the trial court granted the motion, which the State appealed. The State asserted that the defendant was notified in open court to appear. Therefore, according to the State, the

---

A. The period of limitation established by Article 578 shall be interrupted if:
. . .

(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.

defendant's case had not prescribed "because prescription was interrupted after he failed to appear pursuant to actual notice." The court noted that "the docket entry which the State cites as evidence of actual notice to the defendant state[d] only 'send notices' and 'notify defense counsel'" but did "not indicate the substance of this notification." Thus, the court found, "the evidence that the defendant received actual notice . . . [was] equivocal at best."

Here, the minute entry commemorating Defendant's last court appearance was on July 11, 2013. The minute entry reflects:

> JP Probation Officer Lisa Cassara appeared and informed . . . that the Defendant has a[n] outstanding warrant in Jefferson Parish. The Defendant is remanded to the custody of the Orleans Parish Criminal Sheriff. The Defendant will be transferred to JP. Pre-trial conference in this matter is set for 08/08/13. Send notice to defense counsel Clif Stoutz. The State to writ in the Defendant.

The minute entry also states, "Defendant . . . appeared without counsel for pre-trial conference. Defense counsel . . . faxed . . . a motion to continue. He will be unable to appear due to illness." However, there is nothing in the record reflecting that Defendant was "notified in court," *i.e.*, that he received actual notice of the August 8, 2013 pre-trial conference. The minute entries immediately preceding the issuance of the alias capias all reflect that Defendant was not present in court. The minute entries presented support Defendant's assertion that he never received actual notice of the pre-trial conferences for which he failed to appear. Subsequently, it cannot be presumed that these non-appearances could trigger the

7

interruption of prescription as provided for under La. C.Cr.P. art. 579(A)(3). Even if we assume that Defendant's physical appearance on the capias hearing satisfies actual notice, because the minute entry notes that Defendant appeared, such reliance on that fact without indicating the substance of the notification is equivocal at best. Therefore, Defendant's appearance on this date cannot serve to interrupt prescription under La. C.Cr.P. art. 579(A)(3). *See State v. Domino*, 2014-1351, pp. 6-7 (La. App. 4 Cir. 6/3/15) 216 So.3d 898, 902-03 (court appearance did not trigger interruption of prescription as provided for under La. C.Cr.P. art. 579(A)(3) in absence of indication in court minutes that the defendant received "actual notice.").

Moreover, even assuming *arguendo* that somehow prescription was interrupted by virtue of Defendant's failure to appear on August 8, 2013, after having allegedly received notice of the August 8, 2013 court setting by his mere appearance in court on July 11, 2013, prescription would have commenced running again since the State had knowledge of the fact that Defendant was in custody in Jefferson Parish. The State submits that it did not have notice of Defendant's incarceration in Jefferson Parish and, later, in the State of Mississippi, because the notice requirements of La. C.Cr.P. art. 579(C)(1) were not satisfied. To this point, the State argues that La. C.Cr.P. art. 579(C) is the controlling authority.

We find the State's assertion in this regard is without merit due to the fact that the Louisiana Supreme Court explained in *Stewart*, 2015-1845, p. 4, 219 So.3d at 309, "given that Subpart C imposes new substantive obligations on a Defendant,

8

and because those obligations impact a Defendant's constitutional right to a speedy trial, it does not apply retroactively." Subpart C of Article 579 did not go into effect until August 1, 2013. Prosecution commenced against Defendant on February 25, 2013. Thus, contrary to the State's argument, Subpart C's restrictions are inapplicable in this case. Moreover, the Supreme Court recognized that when the State "become[s] aware (whether by its own efforts or otherwise) of an absent defendant's location, that awareness is sufficient in a case initiated before Subpart C's effective date to trigger the commencement of a new limitations period." *Id.*, 2015-1845, p. 5, 219 So.3d at 309.; s*ee also State v. Vernon*, 16-0692, p. 12 (La. App. 4 Cir. 12/21/16), 207 So.3d 525, 531 (finding the State's knowledge of defendant's location is sufficient where case was initiated before enactment of La. C.Cr.P. art. 579(C) to start the running of a new two-year prescriptive period).

Based on the aforementioned reasons, we find that the State had notice on August 8, 2013 that Defendant was incarcerated in Jefferson Parish and had notice on or about July 31, 2014 that Defendant was incarcerated in the State of Mississippi[4], specifically in the Hinds County Restitution Center. Once the State has been placed on notice of Defendant's whereabouts, prescription once again commences to run. The State, at that point, had a duty to secure Defendant's appearance in court. *see State v. Stewart*, 2015-1845, p. 3; 219 So.3d at 308 ("limitations period begins to run anew . . . when the [S]tate receives notice of an

---

[4] Minute entry dated September 25, 2013, reflects that in open court Defendant's uncle appeared and accepted service on Defendant's behalf because Defendant was in custody in Mississippi. The trial court record further reflects a letter dated July 31, 2014, from Commander Gardy McEntee, of Hinds County Restitution Center giving notice that Defendant was ordered by the Mississippi Department of Corrections to enter the Restitution Center with no release date.

9

incarcerated Defendant's custodial location.") Thus, under La. C.Cr.P. art. 579(A)(3) and jurisprudential authority, the State cannot avail itself of the legal position that prescription was interrupted.

## CONCLUSION

Based on the aforementioned, we find that the trial court properly granted Defendant's motion to quash the bill of information.

**AFFRIMED**